CHARLES E. TRAVIS, Respondent, *v.* EDWARD M. L. EHLERS and Another, as Executors, etc., of BERNARD TRAVIS, Deceased, Appellants.

*Breach by the lessee of a covenant in the lease to pay off a mortgage — failure to put the lease in evidence — defense that the lessor paid the mortgage.*

In an action brought upon a covenant contained in a lease it is unnecessary for the plaintiff, in order to make out his case, to produce the lease, if all that he desired to prove therefrom is admitted by the defendants.

It is no defense to an action, brought to recover damages for the breach by a lessee of a covenant contained in a lease to pay off a certain mortgage on the

leased premises, to assert that the plaintiff paid off the mortgage voluntarily after a demand upon the executors of the lessee and their refusal to pay, provided the lessor's property was liable for the mortgage in the first instance.

APPEAL by the defendants, Edward M. L. Ehlers and another, as executors, etc., of Bernard Travis, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 4th day of June, 1894, upon the decision of the court rendered after a trial at the Westchester Special Term.

This action was brought to recover damages for the breach of a covenant contained in a lease to the defendants' testator, whereby he agreed to pay and discharge a certain mortgage upon the leased premises.

*Joseph C. Crane,* for the appellants.

*Arthur Furber,* for the respondent.

PRATT, J.:

This action was brought upon a covenant in a lease, and a copy of the lease was set out in the complaint. The defendants put the lease in issue by the following words in their answer, to wit:

" I. The defendants admit that on or about the time mentioned and set forth in said complaint the plaintiff leased to one Bernard Travis, now deceased, the house and lot known as No. 30 East 127th street in the city of New York, but the defendants deny upon information and belief that the said lease is in all respects correctly mentioned and set forth in said complaint, and for greater certainty as to its provisions they beg leave to refer to the original or the record thereof when produced on the trial of this action."

The plaintiff, upon the trial, failed to put the original lease in evidence, and now the defendants raise the point that the plaintiff failed to prove his case, and ask that the judgment be reversed, although upon the trial the court found as a fact: " I. That on the 24th day of July, 1894, by an indenture in writing, made under seal, the plaintiff leased to one Bernard Travis, and Bernard Travis hired from the plaintiff, the house and lot known as number 30 East 127th Street in the City of New York, for the term of his, Bernard Travis', natural life, and that in and by said indenture said Bernard Travis, among other things, covenanted with plaintiff to pay and

discharge a certain mortgage, which was then a lien upon the said premises, and which was given to secure the payment of the sum of $4,500 on the first day of May, 1884, with interest."

It was plainly an oversight on the part of the plaintiff in failing to offer the original lease in evidence, and might be fatal to judgment were it not for the admission of the defendants contained in their answer.

Among other matters contained in their answer is the following : " II. Defendants admit that the said Bernard Travis, in and by the terms and conditions of said lease, dated on about the 24th day of July, 1884, thereby covenanted and agreed to pay a certain mortgage made by one Eliza A. Travis, and the bond accompanying the same, bearing date the 13th day of April, 1880, to secure the payment of the sum of $4,500.00 on the 1st day of May, 1881, and recorded in the office of the Register of the City and County of New York on the 22d day of April, 1888, in Liber 1503 of Mortgages, page 6."

This admission plainly identified the lease and contained all that was necessary on the part of the plaintiff to prove his case. It was an admission of the vital part of the case necessary to maintain the action, and contained the covenant upon which the suit was brought. We can justly infer that the existence of the lease was taken for granted upon the trial as well from the fact that the judge specifically found as from the fact that it was not produced. It was not necessary to produce the lease after all that the plaintiff desired to prove from it had been admitted.

There is no exception in the case and no error; in fact, the defendants failed to prove any fact to impeach the validity of the judgment. It was no defense to assert that plaintiff paid off the mortgage voluntarily after a demand upon the executors of Travis and their refusal to pay, as his property was liable for the mortgage in the first instance, and he had a right to discharge the lien.

The judgment should be affirmed, with costs.

DYKMAN, J., not sitting ; CULLEN, J., concurred on the ground that the case does not state that it contains all the evidence, which is fatal to the point, wholly without merit, which the defendants seek to raise.

Judgment affirmed, with costs.